Appeal from an order of the Albany County Court, entered on August 13, 1957 denying petitioner’s application dated May 24, 1957 seeking a hearing to secure an order in the nature of a writ of error comm nobis to vacate and set aside his conviction upon his plea of guilty to grand larceny in the first degree on June 3, 1936 and sentence entered on June 5, 1936 on the ground that he was not represented by counsel. A previous similar motion had been denied. Defendant was arraigned on June 2, 1936 in Albany County Court on an indictment charging the crime to which he pleaded guilty. He was then 19 years of age. On June 3, 1936 he pleaded guilty, and on June 5 was sentenced to Elmira Reformatory. He claims that he was not represented by counsel at any stage of the proceedings and that he was not advised at the time of his arraignment of his right to the aid of counsel. The court denied the application on the ground that the records of the Albany County Clerk indicated clearly that Scott Gray, Jr. appeared for the defendant throughout the proceedings. Defendant claims that Scott Gray did not appear for him in the proceedings on the above indictment, but that Gray first appeared as his attorney several years later in another matter and was retained to do so by defendant’s half brother, John J. Fitzgerald, whose affidavit in the record states that he did not retain Gray on his brother’s behalf until February, 1938. The letter from Scott Gray, Jr. is of no assistance, because it neither confirms nor denies the representation. The District Attorney argues that the defendant’s claim is clearly refuted by the documentary evidence of the exhibits presented. Exhibit A. The District Attorney’s register of indictments shows that the indictment was presented on June 2, 1936; that defendant pleaded guilty on June 3, 1936; and that on June 5, 1936, he was sentenced. Between the notation of June 3 and that of June 5, the name of “Scott Gray, Jr.” appears on the exhibit. It is impossible to tell from the exhibit when Gray’s name was put on it, or *1031 whether it applies to June 3 as well as June 5. Exhibit B. The indictment on the back of which appears the pencil notation “ Sent. June 5, S. Gray ”. Again, it is not possible to tell exactly when the notation was written thereon. Exhibit G. The minutes of the clerk of the court contain references to defendant’s matter. The first minute shows that the indictment was handed up on June 2, 1936. The next shows that on June 3, defendant “was arraigned and plead guilty to Gd. Larceny 1st. degree sentence deferred.” The last minute pertaining to defendant shows that on June 5 the defendant was arraigned for sentence and 'bears the notation “ S. Gray Atty.” Exhibit D. The commitment. This exhibit states that defendant pleaded not guilty when arraigned on the indictment but later withdrew said plea. Exhibit E. The District Attorney’s worksheet. This paper bears the notation that defendant at some time during the course of the proceedings “ retained ” Scott Gray, Jr. In People v. Burnash (1 A D 2d 496, 497-498) the court said: “The record of indictments kept in the office of the District Attorney is not an official court record. We are not informed when the entries were made, by whom they were made or the method employed in transmitting information gathered in court to the record.” The above documentary proof indicates conclusively only the fact that the defendant was represented at the time of sentence on June 5, 1936. There is a presumption of regularity attending judgments of conviction but where this presumption is challenged directly as in this petition, defendant is entitled to a trial, unless his sworn claims are conclusively refuted by unquestionable documentary evidence. (People v. Lain, 309 N. Y. 291; People v. Richetti, 302 N. Y. 290; Matter of Bojinoff v. People, 299 N. Y. 145.) Here the documentary proof does not conclusively establish that he was advised of his rights, or represented when arraigned, or when he pleaded. We feel that the documentary proof here is strong, but in a ease where as here, the documentary evidence was not conclusive, People v. Richetti, (supra, p. 297) Judge Desmond quotes with approval a statement from a speech by Judge Fuld entitled Writ of Error Coram Nobis; “improbable or unbelievable though the allegations may seem-—-though they 'may tax credulity ’ — the defendant is entitled to a hearing ”. It is our feeling that under the facts of this case, defendant is entitled to an open hearing. Order reversed and the matter remitted for a hearing.
Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.