■ PEARL LOEB, Individually and as Executrix of MARTIN LOEB, Deceased, Appellant, v. UNITED TRACTION COMPANY et al., Respondents.— *Per Curiam.* The plaintiff in a personal injury negligence action appeals (1) from a judgment entered upon a verdict of no cause of action; (2) from an order which denied her motion pursuant to CPLR 4404 (subd. [a]) to set aside the verdict; and (3) from an order which denied her further motion to set aside the verdict on the ground of the misconduct of a juror. Plaintiff, walking in the crosswalk from the northwesterly corner of the intersection of State and Pearl Streets in the City of Albany to the southwesterly corner, with a green traffic light in her

favor, was in collision with the corporate defendant's bus which, after traveling southerly on Pearl Street and stopping at the intersection, had proceeded on the same green light, making a wide right turn to proceed westerly on State Street, had stopped briefly at or slightly east of the crosswalk to permit pedestrians to pass and then continued into the crosswalk, where the collision occurred. It is clear that the defendant operator failed to yield the right of way to which plaintiff was entitled (Vehicle and Traffic Law, § 1111, subd. [a], par. 1, as constituted Sept. 28, 1961) and that he was otherwise negligent in failing to observe her upon the crosswalk. Defendants contend, however, that the plaintiff, too, was negligent in that, among other things, she walked into the side of the bus. This conclusion depends upon the testimony of two passengers on the bus and upon the supposed admission of plaintiff who, when asked on cross-examination whether it was " fair to assume " that her face came in contact with the right side of the bus, said, " I would say so." The somewhat confused and uncertain testimony of one passenger that plaintiff, with her " head apparently down ", walked into the side of the bus, at a point below or to the rear of the seat occupied by the witness, was belied by the mechanics of the accident and by the physical facts, in large part established by photographs, which cast grave doubt, also, upon the pertinent testimony of the other passenger and upon that of the bus driver. Further, it would not have to be found that plaintiff was negligent in failing to anticipate that the operator of a vehicle, without observing or warning her, would approach diagonally, behind and beside her. (Cf. *Chase* v. *Wilkins*, 5 A D 2d 1037.) Upon the entire record, the verdict was contrary to the weight of the evidence. In so close a situation, the trial court's instructions to the jury became especially important. After charging that plaintiff had the right of way under section 1111 and properly remarking that plaintiff herself had a duty to be careful, the court said that, " Whether or not defendant did yield the right of way to the plaintiff and whether or not plaintiff exercised due care under the circumstances are questions of fact for you to decide from the evidence presented during this trial." Indisputably, defendant failed to yield the right of way and hence the charge was erroneous in submitting that issue as a question of fact; and may have been misleading as well in so closely linking that question with the issue of plaintiff's contributory negligence. Although plaintiff failed to except, the interests of justice constrain us, in so close a case, to take account of the error. (*Winser* v. *Trombley*, 14 A D 2d 963.) The conclusions which we have reached and stated render unnecessary our consideration of appellant's additional contentions. Judgment and order denying motion under CPLR 4404 (subd. [a]) reversed, on the law and the facts and in the interests of justice; motion granted and a new trial ordered, with costs to abide the event. Appeal from order denying motion to set aside the verdict on the ground of the misconduct of a juror dismissed as academic, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.