■ Marcella H. Schmidt et al., Respondents, v S. M. Flickinger Co., Inc., et al., Appellants. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiffs, entered July 30, 1981 in Tompkins County, upon verdicts rendered at Trial Term (Bryant, J.), and (2) from an order of said court, made on August 6, 1981, which denied defendants' motion to set aside or, in the alternative, to reduce the verdicts rendered. On January 11, 1979, a bright clear day, at about 10:45 A.M., plaintiff Marcella Schmidt was crossing Green Street at its intersection with South Cayuga Street in the City of Ithaca when she was struck by a six-wheel van type truck owned by defendant S. M. Flickinger Co., Inc., and operated by its employee, defendant Douglas Farwell. Mrs. Schmidt received personal injuries and, as a result, she and her husband commenced these personal injury and derivative causes of action. South Cayuga Street runs generally north and south and Green Street runs generally east and west. Mrs. Schmidt intended to proceed northerly across Green Street and waited at the south curb at the crosswalk near the intersection until the traffic control device beckoned her to "walk". She testified that she looked to the left and when she observed "nothing coming" she proceeded, within the bounds of the crosswalk, to walk across Green Street to a point in about the middle thereof when she heard a roar and was, suddenly, facing the grill of defendant's vehicle which struck her down. At about this time while plaintiff was so engaged, defendant's vehicle was stopped on South Cayuga Street facing south and a red traffic light, and the driver was intending to turn to his left or easterly onto Green Street, a two-lane one-way street. Farwell testified that there was a "lot of traffic" and that when the light changed the car ahead of him proceeded to the left on Green Street and that he followed it. He also testified that a northbound vehicle, stopped for the light in the easterly lane of South Cayuga Street, turned right into the southerly lane of Green Street ahead of him. Farwell testified that he did not see Mrs. Schmidt until she was directly in front of him and conceded that he did not know if he looked upon leaving his stopped position at the light, and when issued a summons he pleaded guilty to a violation of section 1154 of the Vehicle and Traffic Law with the explanation that "It was the thing to do, I guess. I couldn't see any sense to fighting it". At the conclusion of the submission of all of the evidence, the court directed a verdict in favor of plaintiffs on the issue of liability and submitted only the question of damages to the jury. The jury returned verdicts in the sum of $80,000 and $18,000 in the personal injury and derivative actions respectively. Defendants appeal urging, *inter alia,* that the court erred in directing a verdict on the issue of liability. There may be little doubt that Farwell was guilty of actionable negligence, but the degree or percentage of that negligence was a matter for the jury to decide. In the same manner it should have been permitted to decide whether plaintiff Mrs. Schmidt was guilty of any negligence which was a proximate contributing cause of the accident. There was testimony that there were other vehicles proceeding on Green Street. Mrs. Schmidt, like Mr. Farwell, was chargeable with seeing what was there to be seen. It is true, as urged by plaintiffs, that if there was no approaching traffic, Mrs. Schmidt had the right to proceed and had the right of way over vehicular traffic which right continued until she reached the opposite curb. However, that does not absolve her from looking, while so crossing, for vehicles approaching which deny her that right (7 NY Jur 2d, Automobiles, § 401, p 620). In exercising such right of way, she was required to use due care

in light of all of the circumstances and heed any danger that confronted her. The right of way is not a right to self-inflicted mayhem for which the defendant can be held liable, and one cannot, to the exclusion of everyone and everything around him, rely solely upon his right of way (*Counihan v Werbelovsky's Sons,* 5 AD2d 80, 83). Here, as was the situation in *Loeb v United Traction Co.* (24 AD2d 917), the defendant driver indisputably failed to yield the right of way, but in neither case did that conduct, *ipso facto,* settle the question as to whether the plaintiff was guilty of contributory negligence. We disagree with plaintiffs' contention that this case is factually identical to *Chase v Wilkins* (5 AD2d 1037). At bar, there is testimony as to a busy intersection and as to the presence of other vehicles proceeding through this intersection which, if established, imposes additional responsibilities upon the plaintiff. In our view, defendant Farwell, though undoubtedly guilty of actionable negligence, is entitled, nonetheless, to have that negligence, if established, measured against the negligence of the plaintiff pedestrian, if any be found. This process involves questions as to the degree that the parties' respective conduct may have contributed to the accident which are fact questions and clearly within the province of the jury (*Wartels v County Asphalt,* 29 NY2d 372; *Consentino v Consolidated Edison Co. of N. Y.,* 62 AD2d 1028). We decide no other issue. Judgment and order reversed, on the law, and a new trial ordered, with costs to abide the event. Kane, Main and Yesawich, Jr., JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to affirm in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). CPLR 4401 contains the statutory authority for the trial motion which is commonly referred to as a motion for a directed verdict. It allows the Trial Judge to grant judgment to any moving party who, after the close of the evidence presented by an opposing party, is "entitled to judgment as a matter of law" with respect to a cause of action or issue. In the instant case, plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability was granted at the close of all of the evidence, thereby taking from the jury the question of whether any culpable conduct on the part of plaintiff Marcella Schmidt contributed to plaintiffs' damages. The majority feels that this decision by the trial court was error. We disagree and would affirm. Where, as here, a plaintiff's culpable conduct is interposed as a defense in a personal injury action based on defendant's alleged negligence, the issue almost always involves a question of fact which should be resolved by the jury (*Wartels v County Asphalt,* 29 NY2d 372, 379). However, despite this general rule favoring jural review, the Court of Appeals has recognized that trial courts have a duty to withhold the issue of a plaintiff's alleged culpable conduct from the jury where there is insufficient evidence in the record to support such a finding (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 516-517). This is precisely the situation which faced the trial court in the instant case. Mrs. Schmidt gave uncontradicted testimony of the care she exercised prior to proceeding across the crosswalk on Green Street in a northerly direction. Defendant Farwell testified that he did not see Mrs. Schmidt until she was directly in front of his truck and was unsure if he looked left onto Green Street before turning from South Cayuga Street. The record is devoid of any evidence indicating that Mrs. Schmidt may have been negligent in crossing the intersection. Defendants would have the jury infer that she did not exercise due care in seeing Farwell's truck from the mere fact that the accident happened. We do not find this single inference, unsupported by any other evidence, sufficient proof to enable a jury to find Mrs. Schmidt guilty of any culpable conduct, an issue which defendants had the burden of proving (CPLR 1412). Moreover, even if Mrs. Schmidt had been shown to be negligent in failing to

see the oncoming truck before the moment of impact, it is pure speculation to suggest that her failure to see the truck, at a time when she was already in the middle of the intersection, was a proximate cause of the accident. Accordingly, we would affirm both the judgment in plaintiffs' favor and the order denying defendants' posttrial CPLR 4404 motion.