■ MELISSA LOPEZ, Respondent, v JESUS GARCIA et al., Appellants. [889 NYS2d 174]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 2, 2009, which, in an action for personal injuries sustained when plaintiff and defendants' vehicle came into contact, granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied and the case remanded for further proceedings.

Assuming, arguendo, that plaintiff satisfied her initial burden on the motion with evidence that defendants' vehicle hit her as she was crossing the street in the crosswalk, with a green light and walk sign in her favor, she would not be entitled to summary judgment. Issues of fact as to plaintiff's comparative negligence are raised by (1) plaintiff's statement in her affidavit that she did not see defendants' vehicle before she was struck (*see Thoma v Ronai*, 82 NY2d 736 [1993]); (2) the police accident report, which plaintiff submitted in support of her motion because it states that defendant driver told the police officer that plaintiff "was in his blind spot," but which also states that the driver was "executing a legal left turn" and that a witness said that plaintiff "never looked when walking into the roadway" (*see id.; Cator v Filipe*, 47 AD3d 664 [2008], citing, inter alia, *Schmidt v Flickinger Co.*, 88 AD2d 1068, 1068 [1982] [having right-of-way in a crosswalk does not absolve a pedestrian "from looking, while so crossing, for vehicles approaching which deny her that right"]); and (3) defendant driver's affidavit in opposition stating, not inconsistently with the police report, that as he was straightening out his vehicle after making a left turn with a green light, plaintiff, whom he had noticed before the accident running "with other people approximately her age," ran into "the front passenger bumper of my vehicle, on the right side," "in a place where I could not see her." We note that plaintiff made her motion for summary judgment two months after joinder of issue, before a preliminary conference

had been conducted and before defendants had a fair opportunity to depose plaintiff or the witness mentioned in the police report (CPLR 3212 [f]; *see Bradley v Ibex Constr. LLC*, 22 AD3d 380 [2005]). Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.