which would support holding her in contempt of court (*see Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944 [2009]; *Rienzi v Rienzi*, 23 AD3d at 448; *Vujovic v Vujovic*, 16 AD3d at 491).

Moreover, the defendant failed to show that he had exhausted less drastic enforcement remedies, or that resort to such remedies would be ineffectual (*see* Domestic Relations Law § 245; *Klepp v Klepp*, 35 AD3d 386, 387-388 [2006]; *Rienzi v Rienzi*, 23 AD3d at 449; *Cooper v Cooper*, 21 AD3d 869, 870 [2005]; *MacKinnon v MacKinnon*, 277 AD2d 636, 638 [2000]; *Snow v Snow*, 209 AD2d 399, 401 [1994]). Indeed, it appears from the record that the plaintiff fully reimbursed the defendant for her share of transportation costs prior to the commencement of the hearing. Accordingly, that branch of the defendant's motion which was to hold the plaintiff in contempt of court for her delay in paying her share of transportation costs should have been denied. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.

■ Yɪ Mɪɴ Fᴇɴɢ, Appellant, v Jɪɴ Woɴ Oʜ, Respondent. [895 NYS2d 856]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much an order of the Supreme Court, Kings County (Martin, J.), dated June 16, 2009, as, upon granting her motion for summary judgment on the issue of liability to the extent of determining that the defendant was negligent as a matter of law, referred the issue of comparative negligence for trial.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arose from an automobile accident at the intersection of 65th Street and 14th Avenue in Kings County. At the time of the accident, the plaintiff, a pedestrian, was crossing 65th Street, from the southeast corner toward the northeast corner. The plaintiff had a "walk" sign in her favor, was within the crosswalk, and was about one-third of the way across the street when she was struck on her left side by the defendant's vehicle as it was making a legal left turn onto 65th Street from 14th Avenue. The defendant had a green light in his favor at that time.

The evidence submitted by the plaintiff established, as a mat-

ter of law, that the defendant driver violated Vehicle and Traffic Law § 1112 (a). However, the Supreme Court properly concluded that there was a triable issue of fact as to whether the plaintiff was comparatively negligent in light of the evidence that she did not look to her left as she crossed the street. Thus, under the circumstances of this case, the Supreme Court properly referred the issue of comparative negligence for trial (*see Lopez v Garcia*, 67 AD3d 558 [2009]; *Gideon v Flatlands Beverage Distribs., Inc.*, 59 AD3d 596 [2009]; *Cator v Filipe*, 47 AD3d 664 [2008]; *Albert v Klein*, 15 AD3d 509 [2005]; *Thoma v Ronai*, 189 AD2d 635 [1993]; *affd* 82 NY2d 736 [1993]; *Schmidt v Flickinger Co.*, 88 AD2d 1068 [1982]), Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.

■ LUIS M. ZARZUELA et al., Appellants, v F.A. NUNEZ CASTANOS, Respondent. [895 NYS2d 857]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated October 23, 2009, which granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated August 25, 2009, granting the plaintiffs' unopposed motion for leave to enter judgment upon the defendant's default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to vacate the order dated August 25, 2009, is denied.

In order to vacate his default in answering the complaint pursuant to CPLR 5015 (a) (1), the defendant was required to demonstrate a reasonable excuse for his failure to serve an answer and a meritorious defense (*see* CPLR 5015 [a] [1]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d 535 [2007]; *Piton v Cribb*, 38 AD3d 741 [2007]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). While the determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]), the record does not support the Supreme Court's determination that the defendant offered a reasonable excuse for his default. Furthermore, the defendant failed to demonstrate the existence of a meritorious defense to the action. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.

■ In the Matter of BORIS AVIZBAKIYEV, Respondent, v ELLADA SHAMILOVA, Appellant. [895 NYS2d 835]—In a family offense