In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated July 11, 2014, as denied their motion for summary judgment on the issue of liability.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs’ motion for summary judgment on the issue of liability is granted.
On October 19, 2011, at approximately 6:40 a.m., Marie Castiglione (hereinafter the injured plaintiff), was walking southbound across Montauk Highway near its intersection with Keith Lane in West Islip, when she was struck by the defendants’ vehicle, which was making a left turn from Keith Lane to proceed eastbound on Montauk Highway. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants to recover damages for personal injuries and loss of consortium, respectively. The plaintiffs moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment on the issue of liability. The Supreme Court denied the motion and cross motion.
The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability (see Vehicle and Traffic Law § 1152 [a]; Garcia v Lenox Hill Florist III, Inc., 120 AD3d 1296 [2014]; Brown v Mackiewicz, 120 AD3d 1172 [2014]; Hamilton v King Tung Kong, 93 AD3d 821 [2012]; see also Moreira v M.K. Travel & Transp., Inc., 106 AD3d 965 [2013]). The deposition testimony of the injured plaintiff and a nonparty witness established that prior to entering the roadway, the injured plaintiff waited for the traffic light controlling the east-west traffic on Montauk Highway to turn red, then looked to her left and right, and, seeing no cars, started to walk southbound across Montauk Highway. The testimony further established that the injured plaintiff traversed the westbound left-turn lane, and while in the eastbound lane of *958 Montauk Highway, having almost completed crossing, was struck by the defendants’ vehicle, which had turned left from Keith Lane to proceed east on Montauk Highway. Significantly, this testimony established that, prior to the impact, Karen Kruse (hereinafter the defendant driver), started her approach to the point of impact from behind and to the right of the injured plaintiff, that is, from behind the injured plaintiff’s right shoulder and out of her view. The defendant driver conceded in her deposition testimony that she did not see the injured plaintiff prior to impact, despite the fact, established by her own testimony, that the injured plaintiff was generally in front of her prior to the impact. Under these circumstances, the plaintiffs established that the defendant driver was negligent and that the injured plaintiff was free from comparative fault.
In opposition to the plaintiffs’ prima facie showing, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The defendants’ unsupported speculation that the injured plaintiff was comparatively at fault was insufficient to raise a triable issue of fact (see Garcia v Lenox Hill Florist III, Inc., 120 AD3d at 1297; Hamilton v King Tang Kong, 93 AD3d 821 [2012]; Sulaiman v Thomas, 54 AD3d 751, 752 [2008]).
The cases relied upon by our dissenting colleague are each factually distinguishable from the instant case, in various respects. The three cases share one important distinguishing fact: the vehicles in all three cases were coming from a direction generally in front of the injured plaintiff before the impact with the injured plaintiff occurred. Here, the defendants’ vehicle was coming from a direction which was largely behind the injured plaintiff, and to her right, prior to the impact. This important fact, in addition to other facts present in this case, demonstrated that the injured plaintiff was free from comparative fault in the happening of the accident.
In Yi Min Feng v Jin Won Oh (71 AD3d 879 [2010]), the plaintiff pedestrian was only one third of the way into the intersection when she was struck on her left side by the defendant’s vehicle, which was making a turn. The plaintiff did not look to her left either before or while she was crossing the street and she was struck by a vehicle coming from in front of her. In the instant case, the injured plaintiff looked both ways before crossing, traversed almost two lanes of traffic, and had almost completed crossing when she was stuck by the defendants’ vehicle, which started its approach from behind her.
In Lopez v Garcia (67 AD3d 558 [2009]), the Appellate Divi *959 sion, First Department, found that there were triable issues of fact as to the plaintiff’s comparative fault because (1) the plaintiff’s affidavit indicated that she did not see the defendants’ vehicle prior to being struck, (2) the police accident report indicated that a witness observed that the plaintiff never looked before walking into the roadway, and (3) the defendant’s affidavit stated that after he made a left turn, he saw the plaintiff run into the front passenger bumper of his vehicle. Lopez is distinguishable from the instant case because the plaintiff in Lopez failed to see a vehicle which was coming from in front of her, while here, the injured plaintiff did not see the defendants’ vehicle, which was coming from behind her. Additionally, the witness in Lopez indicated that the injured plaintiff never looked when walking into the roadway, whereas here, the witness indicated that the injured plaintiff looked both ways before entering the roadway. Here, there is no evidence to contradict the injured plaintiff’s proof that she looked both ways prior to entering the unmarked crosswalk. Moreover, in Lopez, the defendant actually saw the plaintiff run into his vehicle, unlike here, where the defendant never saw the injured plaintiff prior to impact, and indeed, did not know that she had struck a person until after the impact.
In Thoma v Ronai (189 AD2d 635 [1993], affd 82 NY2d 736 [1993]), the plaintiff was crossing south on East 79th Street in Manhattan, and was halfway through the intersection when she was struck on her left side by the defendant’s van, which was turning left onto 79th Street from First Avenue. In her affidavit, the plaintiff averred that she waited at the intersection for the light to change, and when the light changed and the pedestrian signal flashed “walk,” she began to walk south in the crosswalk. When she reached the center of the crosswalk she was struck on her left side, but did not see what struck her. The defendant’s van came from in front of the plaintiff, not behind her. The Appellate Division, First Department, affirmed an order denying the plaintiff’s motion for summary judgment, finding that there was an issue of fact as to whether the plaintiff was comparatively at fault. The Court stated that “the law is clear that plaintiff had a duty to use her eyes to protect herself from danger, and that her failure to look would constitute negligence” (189 AD2d at 637).
Here, the evidence demonstrated that once the traffic light changed in favor of the injured plaintiff, she looked in both directions before crossing, unlike the plaintiff in Thoma, who failed to look at all. Although the injured plaintiff here stated that while she was crossing she was looking straight ahead, *960 she had almost completed crossing when she was struck by the defendants’ vehicle, which originated its approach from behind her while making a left turn. Although our dissenting colleague contends that we have misapprehended the facts and that the defendant’s vehicle had completed its left turn and was traveling straight to reach the unmarked crosswalk where the injured plaintiff was walking, the dissent’s version of the facts does not comport with the defendant driver’s sworn statement on the day of the incident in which she stated that she “started to make [her] left turn and felt an impact,” and the defendant driver’s deposition testimony that when the impact with the injured plaintiff occurred, her vehicle had not yet completed the turn. The dissent’s determination that the defendant driver had already completed the turn at the point of impact also does not comport with the police accident report, which indicates that the injured plaintiff was struck by the driver side door of a vehicle at an angle approaching from behind and to the right of the injured plaintiff, or the affidavit of the nonparty witness who also indicated that the defendant driver’s vehicle was making a left turn when it struck the injured plaintiff. The dissent’s contrary assumption that the turn made by the defendant driver was a sharp left made perpendicular to the road into which she was turning is therefore not supported by the record. Accordingly, the facts and circumstances of this case are distinguishable from Thoma, and our holding here is not in contravention to the subsequent decision of the Court of Appeals in that case, which held that the plaintiff may have been negligent in failing to look to her left while crossing the intersection.
The defendants’ remaining contention is raised for the first time on appeal and, therefore, is not properly before this Court (see Pineda v Elias, 125 AD3d 738, 739 [2015]).
Accordingly, the Supreme Court should have granted the plaintiffs’ motion for summary judgment on the issue of liability. Skelos, J.P., Duffy and LaSalle, JJ., concur.