734

■ THE PEOPLE OF THE STATE OF NEW YORK v. ESTON ADAMS — Motion granted to the extent of dismissing the appeal due to the death of the appellant on October 26, 1972, and remanding the case to the Supreme Court, Bronx County, to vacate the judgment of conviction and to dismiss the indictment (*People* v. *Mintz,* 20 N Y 2d 753). Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

## (March 29, 1973)

■ RINALDO TOPOROVSKY, Appellant, v. RONALD K. REUL et al., Respondents.— Order, Supreme Court, Bronx County, entered on June 9, 1972, denying plaintiff's motion for summary judgment in this negligence action, affirmed, without costs and without disbursements. Item 42-43 of the "DETAILED VEHICLE ACCIDENT REPORT", submitted by plaintiff as his Exhibit 3, in support of his motion, indicates that the vehicle, which he was operating, had an unspecified contributing violation, whereas defendant's vehicle had "none". In view of this, and the fact that plaintiff merely alleged his freedom from contributory negligence in conclusory fashion, we agree with the Special Term that a " triable issue is raised by plaintiff's own pleadings whether he was free from contributory negligence". Concur — McGivern, Lane and Capozzoli, JJ.; Stevens, P. J., and Kupferman, J., dissent in the following memorandum by Stevens, P. J.: We dissent and would reverse and grant summary judgment to plaintiff on the issue of liability and direct an assessment of damages. This action arises out of an accident which occurred October 15, 1970, when a compressor attached to a Ford truck, then being operated by defendant Reul, broke loose and crossed into the opposite south bound lane on Riverside Drive, and collided head-on with a car being driven by plaintiff. Plaintiff seeks to recover for personal injuries and property damage suffered. Defendant Belle Fence Company (Belle) admits ownership of the vehicle and operation by Reul as alleged in the complaint and otherwise denies the allegations thereof. Plaintiff moved for summary judgment on the issue of liability and attached as supporting papers the respective motor vehicle reports filed by each of the drivers and the UF6, the police aided report. Defendant Reul's report states he was heading north " when trailor [sic] hitch broke causing compressor to go into oncoming traffic hitting vehicle #2." In opposition to the motion defendant Belle submitted affidavits by its counsel urging there is an issue of contributory negligence. The court so concluded in denying the motion and plaintiff appeals. In our view the motion should have been granted. Notably missing is any affidavit by Reul. There is really no controversion of the basic facts that the compressor broke loose, crossed into the opposite lane into oncoming traffic and collided with the front end of plaintiff's car. The affidavits of attorneys for Belle, neither of whom was a witness to the accident, speculate as to numerous possibilities which could have caused or contributed to the accident. Nothing of substance is advanced and no genuine issue of fact is created which warrants denial of plaintiff's motion. The truck and compressor were under defendant's control and if the compressor were securely and properly hitched, it could not have broken loose. There is neither assertion nor factual evidence that any external force or contact caused the severance. While paragraph "10" of the complaint, a catch-all paragraph, seeks to include every conceivable dereliction, stripped of its nonessentials it does allege the basic breach of duty which caused the damage. That which is on the facts inapplicable should be disregarded as surplusage, and not as in itself creating an issue.