█ BARBARA BEHM, Appellant, v. PHILIP H. SEAMAN et al., Respondents. — Judgment, Supreme Court, Bronx County, entered July 2, 1973, affirmed, without costs and without disbursements. The trial court dismissed the complaint at the end of plaintiff-appellant's case, and properly so, for there was complete absence of proof of freedom from contributory negligence on plaintiff's part. Quite to the contrary, the evidence, by plaintiff herself, was to the effect that, knowing that water was flowing into her kitchen from outside, she chose to put herself into a dangerous position by negotiating a slippery floor and then climbing a ladder to retrieve food from a kitchen cabinet. She fell from the ladder. The situation is clearly distinguishable from that found in *Cook* v. *Rezende* (32 N Y 2d 596), wherein the flow of water, caused by the landlord, was in a public place necessarily frequented by tenants. The hearsay statement as to the cause of the flood was properly excluded. The superintendent's statement in her deposition as to what her husband told her about his turning the wrong water valve is clearly hearsay, as was her alleged statement to plaintiff that she herself had done so. Nor actually was any connection established between whatever either the superintendent or her husband had done and plaintiff's later fall off a ladder which was standing in the puddle of water. Too much of plaintiff's case depended on sheer speculation for it

to have been submitted to the jury. Concur—McGivern, P. J., Markewich, Tilzer and Lane, JJ.; Nunez, J., dissents in the following memorandum: I would reverse and remand for a new trial. The Trial Justice, at the close of the plaintiff's proof, dismissed the complaint for lack of notice to the landlord "of something that is wrong so they can be called upon to fix it" and that "as a matter of law, fifteen minutes is not a reasonable time upon which to expect that something would be rectified completely." The plaintiff, a tenant in a multiple dwelling, claims that she was seriously and permanently injured when she slipped on the kitchen floor as a result of a condition created by the defendants' superintendent and agent, Mr. or Mrs. McGovern. It appears that there had been an initial leakage or flood of water from the apartment above that of plaintiff's. The superintendent was advised, whereupon plaintiff was assured that the water had been turned off and was now under control. However, instead, the superintendent turned the wrong valve causing more water to flow. Plaintiff was injured, she claims, during the second flooding caused by the careless manipulation of the controls by the superintendent. In *Cook* v. *Rezende* (32 N Y 2d 596, 599), plaintiff, a tenant, was injured when she fell on slippery, wet marble steps. The slippery condition of the marble steps was created by water coming from a garden hose protruding from defendant's own apartment. The Trial Judge granted defendant's nonsuit motion. This court affirmed, the writer dissenting (*Cook* v. *Rezende*, 40 A D 2d 820). The Court of Appeals unanimously reversed. The court said (p. 599): "Neither his [the landlord's] duty nor his potential liability is to be predicated upon his 'permitting' a dangerous condition to exist, but rather is based upon his own affirmative act in creating the condition complained of (cf. *Brand* v. *Interborough R. T. Co.*, 273 N. Y. 658; *Miller* v. *Gimbel Bros.*, 262 N. Y. 107; *Kraus* v. *Wolf* [253 N. Y. 300]; *Nevoso* v. *Putter-Fine Bldg. Corp.*, 18 A D 2d, at p. 320); and, of course, usual questions of notice of the condition are irrelevant since the defendant created the condition. * * * It was, minimally, within the owner's power to prevent the presence of water and the creation of a dangerous condition." Here, if plaintiff is to be believed, the superintendent caused the second flood by turning the wrong valve. It was during the second water flood that plaintiff was injured. Mrs. McGovern's testimony that the wrong valve was turned should have been received. It was error to exclude it. (*Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203.) It was for the jury to determine whether the claimed testimony was true and if so, whether the statement was within the scope of her authority acting as the landlord's agent. As the Court of Appeals said in *Cook* v. *Rezende* (*supra*, p. 599): "In assessing this case in its present posture, plaintiff is entitled to have the facts elicited at trial in the light most favorable to her and she is to have accorded to her the benefit of every favorable inference which can reasonably be drawn from these facts (*Philpot* v. *Brooklyn Nat. League Baseball Club*, 303 N. Y. 116). The issues of negligence, causation and damages were for the jury."