■ ROBERT J. FANNON, Appellant, et al., Plaintiff, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiff Robert J. Fannon appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated June 12, 1986, as upon a jury verdict, is in favor of the respondents Metropolitan Suburban Bus Authority and Susan E. Green, and upon the motion of Metropolitan Transportation Authority and County of Nassau at the close of the evidence is in their favor.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We find unpersuasive the appellant's contention that the trial court erroneously refused to charge the jury that he had the right-of-way as a matter of law, since the issue of who had the right-of-way was dependent upon whether or not the bus was moving when the appellant stepped off the curb (see, Schmidt v Flickinger Co., 88 AD2d 1068, appeal withdrawn 58 NY2d 655). Contrary to the appellant's contentions, the testimony at trial concerning the existence of oncoming traffic was controverted and therefore the issue of who had the right-of-way was properly submitted to the jury as a question of fact.

In addition, the appellant's contention that the court was required to charge Vehicle and Traffic Law § 1151 (a), concerning the duty of a driver to yield the right-of-way to a pedestrian who is crossing the roadway within a crosswalk, is without merit since there was no factual basis for giving the requested charge. The evidence adduced at trial, including the testimony of the appellant himself, established that he did not cross within a crosswalk.

We have considered the appellant's remaining contentions and find them to be either unpreserved for review or without merit. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.