■ PARRIS H. PALMER, Appellant, v PORTIA L. HORTON et al., Respondents. [885 NYS2d 851]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered September 29, 2008 in a personal injury action. The order, insofar as appealed from, denied that part of the motion of plaintiff seeking partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he was struck by a

bus owned by defendant Laidlaw Transit, Inc. and operated by defendant Portia L. Horton. Supreme Court properly denied that part of plaintiff's motion seeking partial summary judgment on the issue of negligence (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that plaintiff met his initial burden on the motion, we conclude on the record before us that defendants raised triable issues of fact whether any negligence on their part contributed to the accident and whether plaintiff used reasonable care in proceeding into the intersection in which the accident occurred (*see generally Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Zuckerman*, 49 NY2d at 562). Thus, there remains an issue of fact with regard to the respective negligence, if any, on the part of plaintiff and defendants. We reject plaintiff's contention that defendants submitted Horton's affidavit in opposition to the motion in "an attempt to raise feigned issues of fact" (*Dietzen v Aldi Inc. [New York]*, 57 AD3d 1514, 1514 [2008]). In addition, any inconsistency between the deposition testimony of Horton submitted in support of the motion and her affidavit presents a credibility issue to be resolved at trial (*see id.*; *Knepka v Tallman*, 278 AD2d 811 [2000]). Contrary to plaintiff's further contention, it cannot be said that the court should have disregarded the affidavit of defendants' accident reconstruction expert as speculative (*cf. Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544-545 [2002]). Present—Hurlbutt, J.P., Fahey, Green and Pine, JJ.