[895 NYS2d 389]

CHRISTOS TSELEBIS, Appellant, v RYDER TRUCK RENTAL, INC., et al., Defendants, and TOM CAT BAKERY, INC., et al., Respondents.

First Department, February 18, 2010

## APPEARANCES OF COUNSEL

*Ginsburg & Misk,* Queens Village (*Gerard N. Misk* of counsel), for appellant.

*Lewis Johs Avallone Aviles, LLP*, Melville (*Brian J. Greenwood* of counsel), for respondents.

## OPINION OF THE COURT

DeGRASSE, J.

This matter involves a two-vehicle accident at an intersection controlled by a traffic light. While driving a truck in a westerly direction, defendant Melendez collided with plaintiff, who was riding his motorcycle in a northerly direction. Plaintiff testified that he had no recollection of the accident. Melendez, however, testified that he entered the intersection against a red light and did not see plaintiff prior to the impact. The motion court denied plaintiff's motion for summary judgment, citing questions of fact as to his own negligence. The court adhered to its decision upon plaintiff's motion for reargument. This was error.

As a preliminary matter, Supreme Court correctly rejected plaintiff's argument that his alleged memory loss entitled him to a lesser degree of proof under *Noseworthy v City of New York* (298 NY 76 [1948]). In the absence of medical evidence establishing the loss of memory and its causal relationship to defendants' fault, the question of a lesser degree of proof cannot be considered (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 335 [1986]). Nevertheless, summary judgment in favor of plaintiff is warranted by the proof before the court. Melendez's admission that he entered the intersection while the traffic light was red constituted a prima facie showing of liability on his part (*cf. Diasparra v Smith*, 253 AD2d 840 [1998]). The proffer of brake failure by Melendez and his employer, defendant

Tom Cat Bakery, as a cause of the accident, is insufficient to raise a triable factual issue with respect to their liability. A defendant claiming brake failure must make a two-pronged showing that the accident was caused by an unanticipated problem with the vehicle's brakes, and that he exercised reasonable care to keep them in good working order (*O'Callaghan v Flitter*, 112 AD2d 1030 [1985]). These defendants have failed to meet the first prong in light of Melendez's testimony of problems he experienced with the truck's brakes prior to the accident.

Plaintiff is entitled to summary judgment on the issue of liability despite the fact that his own negligence might remain an open question. A plaintiff's culpable conduct no longer stands as a bar to recovery in an action for personal injury, injury to property or wrongful death. Under CPLR 1411, such conduct merely acts to diminish the plaintiff's recovery in proportion to the culpable conduct of the defendants. This statute, enacted in 1975, substituted the notion of comparative fault for the common-law rule that barred a plaintiff from recovering anything if he or she was responsible to any degree for the injury (Alexander, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C1411:1). Here, plaintiff's own negligence, if any, would have no bearing on defendants' liability. Stated differently, it is not plaintiff's burden to establish defendants' negligence as the sole proximate cause of his injuries in order to make out a prima facie case of negligence (*see Kush v City of Buffalo*, 59 NY2d 26, 32-33 [1983]). To establish a prima facie case, a plaintiff "must generally show that the defendant's negligence was *a substantial cause* of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980] [emphasis added]).

We note that opinions by this Court and others suggest that freedom from comparative negligence is a required component of a plaintiff's prima facie showing on a motion for summary judgment (*see e.g. Palmer v Horton*, 66 AD3d 1433 [2009]; *Cator v Filipe*, 47 AD3d 664 [2008]; *Thoma v Ronai*, 189 AD2d 635 [1993], *affd* 82 NY2d 736 [1993]). These opinions cannot be reconciled with CPLR 1411 if the statute is to be given effect. *Canh Du v Hamell* (19 AD3d 1000 [2005]) is distinguishable because it was a vacatur of a determination that a defendant's negligence was the sole proximate cause of an accident, a finding we do not purport to make. Parenthetically, CPLR 1412 makes culpable conduct claimed in diminution of damages under section 1411 an affirmative defense to be pleaded and proved by

the party asserting it. In this regard, Melendez and Tom Cat offer only speculation in support of their assertion that plaintiff failed to use reasonable care to avoid the collision.

Accordingly, the order of Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered July 17, 2008, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, should be reversed, on the law, without costs, the motion granted on the issue of liability, and the matter remanded for a trial on damages, to encompass the issues of plaintiff's culpable conduct and the extent to which his recovery should be diminished in proportion thereto. Appeal from order, same court and Justice, entered on or about January 16, 2009, which, upon reargument, adhered to the prior ruling, should be dismissed, without costs, as academic.

TOM, J.P., SWEENY, MCGUIRE and FREEDMAN, JJ., concur.

Order, Supreme Court, Bronx County, entered July 17, 2008, reversed, on the law, without costs, the motion for summary judgment granted on the issue of liability, and the matter remanded for a trial on damages, to encompass the issues of plaintiff's culpable conduct and the extent to which his recovery should be diminished in proportion thereto. Appeal from order, same court, entered on or about January 16, 2009, dismissed, without costs, as academic.