■ CARMEN A. GONZALEZ, Appellant, v ARC INTERIOR CONSTRUCTION et al., Respondents. [921 NYS2d 33]—

Order, Supreme Court, New York County (George J. Silver, J.), entered June 14, 2010, which, insofar as appealed from as limited by the briefs, upon granting plaintiff's motion for summary judgment on the issue of liability, directed that the trial on damages would encompass the issue of plaintiff's comparative fault, unanimously affirmed, without costs.

Plaintiff alleges that a motor vehicle owned by defendant ARC Interior Corporation and operated by defendant Carmine Mantone struck her as she was walking through an intersection. Plaintiff moved for summary judgment on the issue of liability before any depositions were conducted. Accordingly, the factual record is sparse, consisting only of the bare allegations in the complaint, a certified copy of a police report, a very brief affidavit by plaintiff and an equally brief affidavit by Mantone. In her affidavit, plaintiff. asserts that she was crossing the intersection with the light in her favor, and that she had looked for oncoming traffic before proceeding. The police report states that Mantone noticed plaintiff at the "last minute." In his affidavit in opposition, Mantone stated that he made a left turn into the intersection with the light in his favor, only after looking into the intersection and observing no pedestrians there. He claimed that he did not notice plaintiff until the moment of impact.

The motion court found that plaintiff established her prima

facie entitlement to summary judgment by showing that Mantone failed to yield the right of way. The court stated that, even if defendant had raised an issue of fact as to plaintiff's own culpable conduct, this was not a bar to granting plaintiff's motion. The court relied on *Tselebis v Ryder Truck Rental, Inc.* (72 AD3d 198 [2010]), in which this Court held that "it is not plaintiff's burden to establish defendants' negligence as the sole proximate cause of his injuries in order to make out a prima facie case of negligence" and that a plaintiff "must generally show that the defendant's negligence was *a substantial cause* of the events which produced the injury" (72 AD3d at 200 [citation and internal quotation marks omitted]). The motion court directed that the matter be set down for a trial on damages "which is to encompass the issues of Plaintiff's culpable conduct and the extent to which [her] recovery should be diminished in proportion thereto."

We agree with the court that *Tselebis* controls this case. Plaintiff demonstrated that defendants were liable for her injuries by establishing that she was crossing the street, within the crosswalk, with the light in her favor, when she was struck by the vehicle driven by Mantone (*see Strauss v Billig*, 78 AD3d 415 [2010], *lv dismissed* 16 NY3d 755 [2011]; *Beamud v Gray*, 45 AD3d 257 [2007]). Because comparative negligence is not a complete bar to recovery (CPLR 1411), plaintiff is entitled to summary judgment on her negligence claim.

However, we reject plaintiff's argument that as part of the award of summary judgment, the court should have, essentially, dismissed the affirmative defense of culpable conduct as a matter of law. The police report and plaintiff's bare-bones affidavit stating that she looked for oncoming traffic before crossing the street were insufficient to eliminate any issue of fact whether plaintiff exercised reasonable care in crossing the intersection (*see Thoma v Ronai*, 189 AD2d 635 [1993], *affd* 82 NY2d 736 [1993]; *Lopez v Garcia*, 67 AD3d 558 [2009]; *Hernandez v New York City Tr. Auth.*, 52 AD3d 367, 368 [2008]). It is noted again that the motion was made before defendants had an opportunity to depose plaintiff concerning the circumstances surrounding the accident and test her credibility (*see Lopez*, 67 AD3d at 558-559; CPLR 3212 [f]; *see also Donato v ELRAC, Inc.*, 18 AD3d 696, 698 [2005]). Thus, dismissal of the defense would have been premature. Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.