■ AMANDA VILLAVERDE, Respondent, v M.A. SANTIAGO-APONTE et al., Appellants. [922 NYS2d 369]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered November 19, 2010, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, a pedestrian, alleges that she was struck by defendants' right-turning truck while crossing the street within the crosswalk at a controlled intersection. Plaintiff claims the traffic light was in her favor at the time of the accident. Nevertheless, plaintiff's claim that she had the right-of-way hinges upon whether or not she was struck while in the crosswalk (*see e.g. Fannon v Metropolitan Transp. Auth.*, 133 AD2d 211 [1987]; *see also Brito v Manhattan & Bronx Surface Tr. Operating Auth.*, 188 AD2d 253 [1992], *appeal dismissed* 81 NY2d 993 [1993]). In this regard, the truck driver's testimony that his vehicle was past the crosswalk when the accident occurred was sufficient to raise a triable issue of fact as to whether plaintiff had the right-of-way. Moreover, the driver's testimony that upon making the turn, he checked the intersection for pedestrians and saw no one similarly raises a triable factual issue as to whether he used due care to avoid the collision (*see e.g. Barbieri v Vokoun*, 72 AD3d 853 [2010]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.