■ JACINTO C. CALCANO, Respondent, v JUAN I. RODRIGUEZ, Appellant. [936 NYS2d 185]—

There is no disagreement among the members of this panel as to what the record before us shows. Uncontroverted evidence establishes that defendant made an illegal U-turn in the subject incident. However, triable issues of fact remain as to whether the motor vehicle accident resulted in part from any failure of plaintiff to exercise due care (by driving at an excessive speed or by failing to observe defendant's vehicle) and, if so, in what proportion. On these facts, plaintiff was not entitled to summary judgment as to liability.

Binding precedent of the Court of Appeals holds that the plaintiff in a negligence action cannot obtain summary judgment as to liability if triable issues remain.as to the plaintiff's own negligence and share of culpability for the accident (*see*

*Thoma v Ronai,* 82 NY2d 736, 737 [1993], *affg* 189 AD2d 635 [1993]; *see also Johnson v New York City Tr. Auth.,* 88 AD3d 321, 329-332 [2011, Friedman, J., dissenting in part]). In the incident underlying *Thoma,* the defendant's van struck the plaintiff, a pedestrian, as she was crossing an intersection. This Court affirmed the denial of the plaintiff's summary judgment motion, stating: "Although defendant did not dispute plaintiff's averment that she was lawfully in the crosswalk when he struck her with his van as he turned left, summary judgment was properly denied since a failure to yield the right of way does not ipso facto settle the question of whether the other party was herself guilty of negligence" (189 AD2d at 635-636).

The Court of Appeals affirmed this Court's order in *Thoma* with the following explanation: "The submissions to the nisi prius court . . . demonstrate that [plaintiff] may have been negligent in failing to look to her left while crossing the intersection. Plaintiff's concession that she did not observe the vehicle that struck her raises a factual question of her reasonable care. Accordingly, plaintiff did not satisfy her burden of demonstrating the absence of any material issue of fact and the lower courts correctly denied summary judgment" (82 NY2d at 737).

As this Court recognized in a unanimous decision issued two years ago (*see Lopez v Garcia,* 67 AD3d 558 [2009]), *Thoma* stands for the proposition that a plaintiff moving for summary judgment on the issue of liability in an action for negligence must eliminate any material issue, not only as to the defendant's negligence, but also as to whether the plaintiff's own comparative negligence contributed to the incident. The Second Department consistently recognizes that *Thoma* governs this issue (*see Mackenzie v City of New York,* 81 AD3d 699 [2011]; *Bonilla v Gutierrez,* 81 AD3d 581 [2011]; *Roman v A1 Limousine, Inc.,* 76 AD3d 552, 552-553 [2010]; *Cator v Filipe,* 47 AD3d 664, 664-665 [2008]; *Albert v Klein,* 15 AD3d 509, 510 [2005]). Although this Court departed from the *Thoma* holding in *Tselebis v Ryder Truck Rental, Inc.* (72 AD3d 198 [2010]), the Second Department has expressly noted that it "disagree[s] [with] and decline[s] to follow th[e] holding" of *Tselebis* as inconsistent with *Thoma* (*Roman,* 76 AD3d at 553). Needless to say, it is not this Court's prerogative to overrule or disregard a precedent of the Court of Appeals. Accordingly, like the Second Department, we respectfully decline to follow *Tselebis.**

The concurrence appears to recognize that *Tselebis* repre-

---

* While we recognize that there are personal injury cases in which it may be appropriate to grant partial summary judgment as to liability to a plaintiff who has not established his or her own lack of negligence, those are actions

sents a significant departure from prior law and practice in resolving summary judgment motions in negligence cases. Nevertheless, instead of following the precedent of the Court of Appeals, this Court (prior to *Tselebis*) and the Second Department, the concurrence seeks to preserve *Tselebis* in some way, even while acknowledging its difficulties. Thus, the concurrence asserts that, while plaintiff is entitled to summary judgment on the issue of defendant's negligence, defendant is entitled to a trial on liability at which he may argue that, in view of plaintiff's comparative fault (as to which issues remain), "[defendant's] conduct was not a substantial factor in the happening of the accident"—which, if the jury so found, would mean that defendant is *not* liable, notwithstanding his proven negligence. The concurrence's approach, while presumably entailing a highly confusing jury instruction, would not yield any significant benefit in terms of judicial economy or fairness to the parties. Further, neither party has asked for this result, either before the motion court or on appeal. More importantly, however, the concurrence's approach simply cannot be squared with *Thoma*, which instructs us simply to deny summary judgment to a negligence plaintiff who cannot eliminate all issues as to his or her comparative fault.

Implicitly recognizing the inconsistency of its approach with *Thoma*, the concurrence attempts to distinguish *Thoma* on the ground that, there, the "Court of Appeals did not address the question of the defendant's fault." That distinction does not bear scrutiny. In *Thoma*, just as in this case, there was no issue concerning the defendant's negligence because, as stated in this Court's affirmed majority opinion, the record established the defendant's negligence as a matter of law. To reiterate, in *Thoma* we acknowledged that "defendant did not dispute plaintiff's averment that she was lawfully in the crosswalk when he struck her with his van as he turned left" (189 AD2d at 635)—and nevertheless we affirmed the denial of the plaintiff's summary judgment motion based on the existence of an issue as to her own fault. The Court of Appeals affirmed our determination, also based on the existence of "a factual question of [the plaintiff's] reasonable care" (82 NY2d at 737). Had any triable issue existed as to the defendant's negligence, there would have been no need for either this Court or the Court of Appeals to base the denial of summary judgment to plaintiff on the existence of an issue regarding comparative fault. Indeed, absent a record establishing the defendant's negligence as a matter of

such as those governed by Labor Law § 240 (1), in which comparative fault is not an issue.

law, there would have been no occasion for any discussion at all of the comparative fault issue.

In sum, the Court of Appeals held in *Thoma* that a motion for summary judgment as to liability by a negligence plaintiff who cannot eliminate an issue as to his or her own comparative fault should simply be denied. This holding is binding on us, and we, like the Second Department, should follow it. Accordingly, we reverse the order appealed from and deny plaintiff's motion for summary judgment as to liability. Concur—Andrias, J.P., Friedman and Román, JJ.

Catterson and Moskowitz, JJ., concur in a separate memorandum by Catterson, J., as follows: I am compelled to concur with the majority because I believe that the plaintiff's motion for summary judgment should only have been granted in part and the matter remanded for a trial on liability rather than damages.

It is beyond cavil that summary judgment may be granted only absent issues of material fact. (*Andre v Pomeroy*, 35 NY2d 361 [1974].) In cases where a question as to a plaintiff's comparative negligence is raised, the factual issue to be resolved is the *extent* of the plaintiff's culpable conduct, in other words, whether the defendant's negligence was, indeed, a *substantial* factor in events that led to the plaintiff's injuries. (*See Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980].)

Hence, it is my view that our previous ruling in *Tselebis v Ryder Truck Rental, Inc.* (72 AD3d 198 [1st Dept 2010]) was incorrectly decided on the basis that CPLR 1411 mandates summary judgment on liability because the plaintiff's culpable conduct is no longer a bar to recovery. (72 AD3d at 200.) That position assumes that in any action where a defendant is found negligent as a matter of law, his or her negligence will be, a priori, a substantial factor in the plaintiff's injuries. This is clearly not always the case.

CPLR 1411 simply adopts the rule of pure comparative fault, that is, theoretically a plaintiff who is 99% at fault could still recover 1% of damages. Indeed, CPLR 1411 contemplates the possibility that, where an issue of fact arises about the plaintiff's culpable conduct, occasionally a jury may find that the defendant's negligence was *not* a substantial factor causing the plaintiff's injuries. "In some cases, of course, the jury may find that plaintiff's culpable conduct was the sole cause of the injuries." (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1411:1.)

It is well established that the movant for summary judgment has the burden to prove that no issues of material fact exist for

trial. (*Andre*, 35 NY2d at 364-365.) Here, the plaintiff argues, and the defendant does not dispute, that the defendant made an illegal U-turn across traffic as the plaintiff approached. Thus, the plaintiff argues, the defendant was negligent as a matter of law. (*Williams v Simpson*, 36 AD3d 507 [1st Dept 2007]; *see also Barbaruolo v DiFede*, 73 AD3d 957 [2d Dept 2010]; *Rodriguez v Schwartz*, 257 AD2d 655 [2d Dept 1999].)

The defendant, however, equally correctly asserts that even if the plaintiff had the right-of-way, he was still obliged to be vigilant for oncoming traffic as he traveled down the street. Furthermore, the defendant claims that the plaintiff was traveling in excess of the 30 miles per hour speed limit. (*Lopez v Garcia*, 67 AD3d 558 [1st Dept 2009]; *Hernandez v New York City Tr. Auth.*, 52 AD3d 367, 368 [1st Dept 2008]; *Albert v Klein*, 15 AD3d 509 [2d Dept 2005].)

In my view, the defendant correctly contends that the plaintiff's testimony raises an issue of triable fact as to his exercise of due care. At his deposition, the plaintiff stated that he never saw the defendant's car prior to the impact. This testimony raises the question of whether he saw what there was to be seen.

Moreover, this case is a useful illustration of why the ruling in *Tselebis* cannot stand. The motion court, adhering to *Tselebis*, asserted that the plaintiff's culpability is merely relevant to *diminish* recovery in a damages trial; hence summary judgment may be granted as to the defendant's liability. However, the issues of fact raised by the plaintiff's possible culpable conduct in this case will necessarily impact the answer as to whether the defendant's negligence as a matter of law was the substantial cause of the plaintiff's injuries.

In my view, the plaintiff was entitled to *partial* summary judgment; that is, a ruling that the defendant was negligent as a matter of law with the concomitant instruction to the jury in a subsequent liability trial. Only in that fashion can the plaintiff retain his right to a finding that the defendant was negligent while allowing the defendant to argue that even if negligent, his conduct was not a substantial factor in the happening of the accident. *Thoma v Ronai* (82 NY2d 736 [1993]) does not compel a different result. In *Thoma*, the Court of Appeals did not address the question of the defendant's fault. Indeed, in this case, the "defendant has not challenged the lower [c]ourt's factual determination, and has not disputed the [c]ourt's determination that he was negligent." Hence, the defendant's negligence is uncontested and the court could award the plaintiff partial summary judgment against the defendant on that issue.