■ BEATRICE E. Wein et al., Appellants, v RICKIE A. ROBINSON, Respondent. [939 NYS2d 364]—

Plaintiff pedestrian alleges that she was injured when, while crossing the street within the crosswalk, she was struck by defendant's SUV. Plaintiff also cites to the police report noting defendant's statement that he struck plaintiff "while in the crosswalk." In contrast, defendant driver, at his deposition, denied making that statement to the responding officer, and testified that he did not see anyone in the crosswalk or on the sidewalk approaching the crosswalk prior to the accident. Moreover, he testified how the left front of his vehicle came into contact with plaintiff, with the left rear tire still in the crosswalk, and that he saw plaintiff lying on the ground, with her feet roughly where the door was and her head toward the front of his 14-foot-long vehicle. These conflicting accounts raise triable issues of fact as to whether plaintiff was in the crosswalk at the time of the accident and had the right-of-way, and whether plaintiff pedestrian or defendant driver failed to exercise due care to avoid the accident or was negligent in any manner (see *Calcano v Rodriguez*, 91 AD3d 468 [2012]; *Villaverde v Santiago-Aponte*, 84 AD3d 506 [2011]; *Lopez v Garcia*, 67 AD3d 558 [2009]).

While plaintiffs may use defendant's admission in the police report, the relative weight to be accorded to the admission in

light of defendant's subsequent explanation at his deposition, is to be determined by a jury (*see Fravezzi v Koritz*, 295 AD2d 290 [2002]).

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.