■ Rosemary Maniscalco, Respondent-Appellant, v New York City Transit Authority et al., Appellants-Respondents. [943 NYS2d 486]—

Order, Supreme Court, New York County (George J. Silver, J.), entered June 23, 2010, which granted plaintiff's motion for summary judgment as to liability and directed that the damages trial encompass the issue of plaintiff's fault, modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.

Although plaintiff presented uncontroverted evidence that the defendant driver negligently failed to yield the right-of-way in a pedestrian crosswalk, the record also raises—as the dissent acknowledges—a triable issue concerning plaintiff's comparative fault. The Court of Appeals held in *Thoma v Ronai* (82 NY2d 736 [1993], *affg* 189 AD2d 635 [1993]) that, even where the record establishes the defendant's negligence, the plaintiff is not entitled to summary judgment as to liability where a question of comparative fault must be resolved at trial. Although a different panel of this Court declined to follow *Thoma* in *Tselebis v Ryder Truck Rental, Inc.* (72 AD3d 198 [2010]), the *Thoma* holding is recognized and followed by the Second Department (*see Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]) and, very recently, by yet another panel of this Court in *Calcano v Rodriguez* (91 AD3d 468 [2012]).[1] While *Thoma* mandates the modification of the order appealed from to deny plaintiff's motion for summary judgment as to liability, we affirm the order insofar as it directs that there be a trial of the issue of comparative fault.

The dissent cannot reconcile its result with the Court of Appeals' holding in *Thoma* by pointing to the fact that the briefs in that case used the outdated term "contributory negligence" when discussing the issue of the plaintiff's fault. The comparative fault regime of article 14-A of the CPLR (enacted by L 1975, ch 69) was the law in 1993 as it is today, and, in deciding the case, both the Court of Appeals (82 NY2d at 737) and this Court (189 AD2d at 636) referred to the issue as one of "comparative negligence." Nothing in these decisions or in the parties' briefs indicates that either the courts or the parties contemplated bringing back to life the by-then long-dead "contributory negligence" regime, under which a claimant was totally barred from recovery if his or her own negligence contributed to the causation of the injury. That the parties in *Thoma* did not cite article 14-A or CPLR 1411 indicates only that in that case, as in this one, there was no dispute as to the

---

1. *Calcano* was recently cited as valid precedent by another panel of this Court in *Wein v Robinson* (92 AD3d 578 [2012]).

applicability of the comparative fault regime. As on the instant appeal, the only dispute at issue on the appeal in *Thoma* was whether the plaintiff was entitled to summary judgment as to liability.[2]

It does not avail the dissent to defend its position on the ground that, to win summary judgment as to liability, a plaintiff must show both that the defendant was negligent and that such negligence was a substantial factor in causing the injury. The point of *Thoma* and its progeny is that, where there is evidence that both the defendant and the plaintiff were negligent and that each one's negligence may have been a substantial factor in causing the injury, whether one party's negligence was a substantial factor in causing the injury should not be determined in isolation. Rather, each party's "liability should be considered and determined simultaneously with the material, and overlapping, issue of whether the [other party] was also culpable" (*Tann v Herlands*, 224 AD2d 230, 230-231 [1996]). Stated otherwise, in determining whether one party's conduct was a legal cause of the injury, the possible causal role of the other party's conduct should also be considered.[3]

We fail to see how our position is "at odds" with the hornbook principle that to establish a prima facie case, "the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Notably, in the quoted statement from *Derdiarian* (a decision on an appeal from a judgment based on a jury verdict that resolved any issue as to the plaintiff's fault), the Court of Appeals was describing the plaintiff's burden to establish a prima facie case *at trial*, not the showing required for granting a plaintiff summary judgment as to liability. On this appeal, the question is, where there is evidence in the pretrial record that more than one party's

**2.** The statement approving the *Tselebis* holding in *Gonzalez v ARC Interior Constr.* (83 AD3d 418, 419 [2011]) concerned an issue that was not before the Court on that appeal. In *Gonzalez*, it was the plaintiff, not the defendants, who took an appeal from an order that, while granting the plaintiff summary judgment as to liability, directed that the damages trial encompass the issue of comparative fault. Since the *Gonzalez* defendants had not filed a notice of appeal, we would not have had the power to grant them affirmative relief on this issue even if they had requested it (*see e.g. 61 W. 62 Owners Corp. v CGM EMP LLC*, 16 NY3d 822, 823 n [2011]; *Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]).

**3.** The dissent's position finds no support in the four decisions it cites in which we affirmed or granted summary judgment for the plaintiffs in cases arising from rear-end collisions. In none of those cases was there any evidence that the plaintiff bore any share of the fault for the defendant's rear-ending of his or her vehicle.

negligence may have caused the injury, is it appropriate for a court to rule as a matter of law that one of those parties caused the injury? Under *Thoma*, the answer to this question is "no."

Given *Thoma*'s holding that, in a case like this one, the causal role of each party's conduct should not be determined in isolation, CPLR 3212 (e) (which was also on the books when *Thoma* was decided) has no bearing on the disposition of this appeal. We note that the concurrence in *Calcano* took the position that a plaintiff unable to eliminate an issue as to comparative fault may be granted summary judgment solely on the issue of the defendant's negligence, but not as to liability, which requires a determination on causation (*see* 91 AD3d at 472 [Catterson, J., concurring]). As noted by the *Calcano* majority, this approach is also inconsistent with *Thoma* and, moreover, would "presumably entail[ ] a highly confusing jury instruction, [while] not yield[ing] any significant benefit in terms of judicial economy or fairness to the parties" (*id.* at 470).

Finally, the dissent's reliance on *Soto v New York City Tr. Auth.* (6 NY3d 487 [2006]) and on a number of recent Second Department decisions is misplaced; none of those precedents supports the dissent's position on the issue presented by this appeal, either expressly or by implication (*see Soto*, 6 NY3d at 491 [describing the jury verdict allocating fault on which the judgment being affirmed was based]; *Mikelinich v Caliandro*, 87 AD3d 99 [2011] [denying a motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7); summary judgment for the plaintiff was not at issue]; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 145, 151 [2011] [affirming summary judgment as to liability for the plaintiff where, although the defendant "asserted that there were issues of fact as to . . . comparative negligence," inter alia, "(i)n opposition to the plaintiff's (motion) . . . , the (defendant) failed to raise a triable issue of fact"]; *Stanford v Dushey*, 71 AD3d 988 [2010] [affirming summary judgment as to liability for the plaintiff where "the defendants' contention that the plaintiff may have been speeding or may have been negligent . . . was speculative" and "the defendants failed to establish that additional discovery would yield any facts indicating that the plaintiff was at fault and justify the denial of the plaintiff's motion"]).

It is with great reluctance that we decline to follow our recent precedent in *Tselebis*, although, at this point, the dissent is not following our even more recent precedent of *Calcano*. The pertinent point, we believe, is that *Tselebis* is inconsistent with *Thoma*. As things now stand, differing panels of this Court have reached divergent conclusions on this issue. The question obvi-

ously calls for resolution by the Court of Appeals. Concur—Andrias, J.P., Friedman, Renwick and Abdus-Salaam, JJ.

DeGrasse, J., dissents in part in a memorandum as follows: The issue on this appeal is whether, under CPLR 1411, comparative negligence has any bearing on a defendant's liability in a negligence action. The question should be answered in the negative for the reasons set forth below.

Plaintiff, a pedestrian, was struck by the side-view mirror on the driver side of defendants' van as she crossed an intersection within a crosswalk with the light in her favor. Defendant Stokes, the operator of the van, was making a left turn when the accident occurred. The motion court correctly granted plaintiff's motion for summary judgment, finding no issue of fact as to whether Stokes was negligent in failing to yield the right of way and whether his negligence was a substantial factor in bringing about the accident (see e.g. Gonzalez v ARC Interior Constr., 83 AD3d 418 [2011]). On this appeal, defendants do not challenge the court's findings that Stokes was negligent and that his negligence was a proximate cause of the accident. Instead, defendants argue that Stokes's failure to yield the right of way is not determinative of the issue of his negligence and that questions of fact regarding the pedestrian-plaintiff's negligence preclude summary judgment. We should reject defendants' argument and adhere to our decision in Tselebis v Ryder Truck Rental, Inc. (72 AD3d 198 [2010]), holding that under CPLR 1411 a plaintiff's culpable conduct is not a bar to recovery in an action for personal injury.

CPLR 1411 was enacted in 1975 (L 1975, ch 69). The statute provides that in an action to recover damages for personal injury, the culpable conduct attributable to the claimant or decedent "shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages." Before CPLR 1411 became law, a plaintiff's contributory negligence stood as a complete bar to recovery in a negligence action (see e.g. Behm v Seaman, 45 AD2d 673 [1974]; Toporovsky v Reul, 41 AD2d 734 [1973]). The statute thus abrogated the common-law rule that barred a plaintiff from recovery in tort if he or she was responsible to any degree for the injury sued upon (Trupia v Lake George Cent. School Dist., 14 NY3d 392, 394 [2010]). In practical terms, a typical jury or a court sitting without a jury would be called upon to determine whether (a) a defendant was negligent and, if so, (b) whether that negligence was a substantial factor in bringing about an accident (see e.g.

*Sheehan v City of New York*, 40 NY2d 496, 501 [1976]). It is beyond cavil that, subject to the application of Insurance Law § 5104, affirmative responses to both questions would establish liability as a matter of law. Nevertheless, in disregard of CPLR 1411, the majority holds that plaintiff is not entitled to summary judgment because there is a question of her comparative fault. Here the majority clings to a vestige of the common-law effect of contributory negligence that the statute was enacted to avoid.

I acknowledge that my position here and this Court's holding in *Tselebis* cannot be reconciled with *Thoma v Ronai* (189 AD2d 635 [1993], *affd* 82 NY2d 736 [1993]), as well as *Tann v Herlands* (224 AD2d 230 [1996]), which the majority cites for the proposition that freedom from comparative negligence is still a required component of a plaintiff's prima facie showing on a motion for summary judgment. However, we can take judicial notice of the briefs filed in *Thoma* (*Matter of Khatibi v Weill*, 8 AD3d 485 [2004]). As disclosed by those briefs, the appeals in *Thoma* did not involve the effect of CPLR 1411. Rather, the relevant appellate argument in *Thoma* was confined to whether the record contained evidence sufficient to support a finding of contributory negligence. By contrast, in this case, the statute was cited by the court below and is discussed in the parties' briefs. Accordingly, issues that are now before this Court were not before us or the Court of Appeals in *Thoma*.

Tann involved a motor vehicle accident in which the defendant's vehicle struck the plaintiff's in the rear. The motion court granted the plaintiff's motion for partial summary judgment as to defendant's liability "to the extent of finding defendant driver at least partially at fault in causing the accident" (224 AD2d at 230). This Court modified to deny the motion in its entirety. With no discussion of CPLR 1411, we stated that the defendants' liability should have been considered with the "material, and overlapping, issue of whether the plaintiff was also culpable" (*id.* at 230-231). Like *Thoma*, *Tann* cannot be reconciled with CPLR 1411, which provides that a plaintiff's possible comparative negligence has no bearing on liability. Moreover, *Tann* is not consonant with more recent decisions of this Court deciding summary judgment motions by plaintiffs under materially indistinguishable facts involving rear-end collisions. For example, in *De La Cruz v Ock Wee Leong* (16 AD3d 199 [2005]) and *Jean v Zong Hai Xu* (288 AD2d 62 [2001]), we affirmed orders granting the respective plaintiffs' motions for summary judgment on the issue of liability. On the other hand, in *Cabrera v Rodriguez* (72 AD3d 553 [2010]) and *Agramonte v City of New*

*York* (288 AD2d 75 [2001]), we reversed orders denying the plaintiffs' motions for similar relief under analogous facts. The overarching principle in these four rear-end collision cases is that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on part of the driver of the rear vehicle" (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008] [internal quotation marks omitted]). The similarly controlling principle at work here is that prima facie entitlement to summary judgment on the issue of liability is established by evidence that a driver failed to yield the right of way to a pedestrian lawfully proceeding across a roadway in a crosswalk (*see Sulaiman v Thomas*, 54 AD3d 751 [2008]).

Our holdings in this case and *Tselebis* are consistent with the reasoning employed by the Court of Appeals in *Soto v New York City Tr. Auth.* (6 NY3d 487 [2006]). The *Soto* Court reviewed a jury verdict in an action brought by a subway patron who was struck by a subway train while he was running alongside tracks between stations. In applying CPLR 1411 to sustain the verdict, by which the Transit Authority was found to be 25% liable, the *Soto* Court held: "Plaintiff's conduct was undeniably reckless, but the jury appropriately considered plaintiff's actions and determined that he bore a far greater share of the fault. This is in keeping with the doctrine of comparative negligence (*see* CPLR 1411). Contrary to NYCTA's argument and the dissent, plaintiff's conduct, although a substantial factor in causing the accident, was not so egregious or unforeseeable that it must be deemed a superseding cause of the accident absolving defendant of liability" (*id.* at 492). Although *Soto* did not involve a motion for summary judgment, its reasoning firmly supports our holding that under CPLR 1411 comparative negligence is irrelevant to the issue of liability because it is no longer a complete bar to recovery. By contrast, the application of *Thoma* to the facts of *Soto* would have required a dismissal of the complaint, a result the Court did not reach.

The majority in this case also relies on *Roman v A1 Limousine, Inc.* (76 AD3d 552 [2010]), in which the Second Department disagreed with *Tselebis* and held that a plaintiff's failure to establish freedom from comparative negligence required denial of his motion for summary judgment on liability. In reaching its conclusion, the Second Department reasoned as follows: "CPLR 1411 pertains to the damages ultimately recoverable by a plaintiff. It has no bearing, procedurally or substantively, upon a plaintiff's burden of proof as the proponent of a motion for summary judgment on the issue of liability" (*id.* at 553). On its face, the quoted analysis boils down to another way of saying

that comparative negligence is irrelevant to liability—the very point of *Tselebis*. The majority's reasoning in this case cannot be reconciled with *Gonzalez* (83 AD3d at 419), in which a panel of this Court unanimously held that *Tselebis* was controlling insofar as the plaintiff was entitled to summary judgment on the issue of liability despite the existence of issues of fact with respect to her own culpable conduct.

It should be noted that the Second Department has implicitly followed *Tselebis* on more than one occasion both before and after *Roman* was handed down. For example, in *Nash v Port Wash. Union Free School Dist.* (83 AD3d 136, 145 [2011]), the Court made note of the fact that the school district "asserted that there were issues of fact as to whether the plaintiff's comparative negligence contributed to his injuries." Had the Court applied *Thoma, Roman* or even *Tann,* it would have been required to consider the issue of the plaintiff's comparative negligence in determining the appeal. Instead, without even addressing the claim of comparative negligence, the Court affirmed the grant of summary judgment on the issue of liability, holding that "the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the school district breached its duty to exercise the level of care as would a parent of ordinary prudence in comparable circumstances, and that this failure was a proximate cause of the plaintiff's injuries" (*id.* at 151).

Consistent with CPLR 1411 and our reasoning in *Tselebis, Nash* can be readily cited for the proposition that a plaintiff *need not* demonstrate freedom from comparative negligence to be granted summary judgment in a negligence action. As another example, in *Mikelinich v Caliandro* (87 AD3d 99 [2011]), the Second Department cited CPLR 1411 in holding that "even if the plaintiff's conduct in jumping in front of [an all-terrain vehicle] was found to be negligent, it would not bar his recovery, but only reduce the amount of his recoverable damages in proportion to his fault" (*id.* at 105; *see also Stanford v Dushey,* 71 AD3d 988 [2010] [plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability was established by evidence that defendant driver failed to yield the right-of-way as plaintiff proceeded lawfully through an intersection]).

The majority also relies on *Calcano v Rodriguez* (91 AD3d 468 [2012]), in which the majority of another panel of this Court followed *Thoma* and *Roman*, adopting the reasoning of both. The concurrence in *Calcano* posits that *Tselebis* was incorrectly decided because it "assumes that in any action where a defendant is found negligent as a matter of law, his or her negligence

will be, a priori, a substantial factor in the plaintiff's injuries" (*id.* at 471). This is a misconstruction of our holding. Quite to the contrary, in *Tselebis*, we emphasized that "[t]o establish a prima facie case, a plaintiff 'must generally show that the defendant's negligence was *a substantial cause* of the events which produced the injury'" (72 AD3d at 200, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). The *Calcano* concurrence also maintains that *Tselebis* cannot stand because "the issues of fact raised by the plaintiff's possible culpable conduct in this case will necessarily impact the answer as to whether the defendant's negligence as a matter of law was *the substantial cause* of the plaintiff's injuries" (*Calcano*, 91 AD3d at 472 [emphasis added]). This reasoning is flawed because, as set forth above, under *Derdiarian*, a plaintiff's burden is to establish that a defendant's negligence was a substantial factor as opposed to the substantial factor in causing an injury (*Derdiarian*, 51 NY2d at 315). The majority in this case takes the position that "in determining whether one party's conduct was a legal cause of the injury, the possible causal role of the other party's conduct should also be considered." This view is similarly at odds with the *Derdiarian* holding quoted above. The majority explains its position by noting that *Derdiarian* involved a trial as opposed to a motion for summary judgment. This explanation reveals a fundamental difference between my analysis and the majority's. In my view, the elements of a cause of action, i.e., the requirements of a prima facie showing, do not vary according to whether there is a trial or a motion for summary judgment. After all, summary judgment is the procedural equivalent of a trial (*Dykeman v Heht*, 52 AD3d 767, 769 [2008]).

In addition, CPLR 3212 (e) provides that, except in a matrimonial action, "summary judgment may be granted as to one or more causes of action, or part thereof, in favor of one or more parties, to the extent warranted, on such terms as may be just." The statute enables a court to isolate and grant summary judgment on an element of a cause of action or an aspect of a prima facie showing. Even if plaintiff had to show her own freedom from negligence, which she did not, the court had the discretion to grant summary judgment on the discrete issues of (a) whether Stokes, the driver, was negligent, and, if so, (b) whether his negligence was a substantial factor in bringing about the accident. Inasmuch as Stokes's negligence and the fact that it was a proximate cause are not disputed, the court properly exercised that discretion in granting summary judgment on these two issues.

Moreover, defendants have not demonstrated that further

discovery could lead to "facts essential to justify opposition," warranting the denial of plaintiff's motion for summary judgment (*see* CPLR 3212 [f]; *Auerbach v Bennett*, 47 NY2d 619, 636 [1979]; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359, 361 [1995]). Because plaintiff and the nonparty witnesses have not been deposed, the court correctly denied the motion to the extent plaintiff sought summary judgment on the affirmative defense of her own culpable conduct (*see Gonzalez*, 83 AD3d at 419).

Accordingly, I would affirm the motion court's order to the extent it granted plaintiff's motion for summary judgment on the issue of liability only and directed that the trial on damages encompass the issue of plaintiff's comparative fault.