EDGARDO ROBLES, an Infant, by His Mother and Natural Guardian, MARIA SOTO, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [966 NYS2d 29]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered September 21, 2012, which, to the extent appealed from as limited by the briefs, upon granting defendants' motion for renewal and reargument, adhered to the prior determination granting plaintiffs' motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion for partial summary judgment denied. Appeal from order, same court and Justice, entered on or about March 27, 2012, unanimously dismissed, without costs, as superseded by the appeal from the September 21, 2012 order.

The injured plaintiff testified that he was hit by defendant's car as he was crossing the street, in the crosswalk, with a pedestrian walk signal in his favor, and submitted an affidavit of his cousin supporting his version of the accident. Defendant testified that he observed a green light as he entered the intersection, and did not see anyone in the crosswalk prior to the impact. Even without considering hearsay evidence suggesting that the teenage plaintiff suddenly ran or skateboarded into the street, the conflicting versions of the accident preclude the grant of summary judgment (see Carswell v Banda, 88 AD3d 604, 604-605 [1st Dept 2011]). Although defendant also testified that the light was "possibly" green at the moment of impact and that he did not look at the traffic light the entire time he was driving down the street, at this procedural posture, "where the court's duty is to find issues rather than determine them," the truth of the nonmovant driver's testimony that he observed the green light in his favor is presumed (Marte v City of New York, 92 AD3d 618 [1st Dept 2012]; see also Wein v Robinson, 92 AD3d 578, 579 [1st Dept 2012]). Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ.