Tom, J.E, and Feinman, J.,
dissent in a memorandum by Feinman, J., as follows: I respectfully dissent because there is an issue of fact whether defendant Deanna Daniel’s comparative negligence contributed to the accident.
To obtain summary judgment on the issue of liability in a negligence action, the movant must eliminate any material issue, not only as to the nonmoving party’s negligence, but also as to whether its own negligence contributed to the accident (see Thoma v Ronai, 82 NY2d 736 [1993]; Calcano v Rodriguez, 91 AD3d 468, 469 [1st Dept 2012]). While I agree with the majority that codefendant Ronald Prunty violated Vehicle and Traffic Law § 1143 by entering six inches, at most, into the roadway without yielding the right-of-way to Daniel, even a driver who has the right-of-way maintains a duty to use reasonable care to avoid a collision (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 298 [1st Dept 2008]). This duty includes the responsibilities, among others, to be vigilant and see what is there to be seen, and to drive at a reasonable and prudent reduced speed in light *588 of existing hazards, including weather conditions (see Vehicle and Traffic Law § 1180 [a], [e]; Thoma, 82 NY2d at 737; Basabe v Carrozza, 106 AD3d 641, 642 [1st Dept 2013]; Calcano, 91 AD3d at 472 [Catterson, J., concurring]; Nevarez, 58 AD3d at 298).
Here, the motor vehicle accident occurred on a drizzly evening as Daniel was driving on a dark service road past the exit from a busy bowling alley parking lot. The majority points to Daniel’s testimony that she had her headlights and wipers on and that she sounded her horn and stepped on her brakes. It then concludes the accident was unavoidable. However, when asked at her deposition if she heard Daniel use her horn, plaintiff Nova Soto-Bay testified, “No, definitely not.” Although Prunty testified that he did not “know for a fact” what the speed limit was, he estimated that Daniel’s car was “going fairly fast, probably thirty or forty miles per hour” before it skidded three or four car lengths into his front left bumper. According to Prunty, at the time of impact his vehicle was stopped in the parking lot exit and protruding “six inches, maybe, if that much” into the roadway. Prunty’s testimony, which the majority points to, that almost 10 seconds elapsed between the moment he saw Daniel’s vehicle and the impact leads to an inference that Daniel should have had time to see his car as well, but Daniel testified that she did not see it before the accident. Daniel’s use of wipers would support a jury finding that a reduced speed due to the weather was warranted. These circumstances raise issues of fact whether Daniel failed to use reasonable care to avoid a collision by failing to honk, by failing to reduce her speed in light of the weather hazards, and by failing to be vigilant to the extent she failed to see what there was to be seen, i.e., Prunty’s car. Furthermore, the majority relies on Daniel’s testimony that she could not swerve to the left because she saw the lights of another vehicle behind her in the next lane, but ignores plaintiffs rebuttal argument that Daniel did not explain why she could not have steered her vehicle to avoid hitting the few inches of Prunty’s vehicle in her lane without leaving the other side of her lane.
Of course, even if a factfinder were to conclude that there was a failure by Daniel to use reasonable care, it would still have to decide whether any such negligence on her part contributed to the accident. The majority, like the motion court, has gone beyond issue identification and engaged in fact-finding more appropriately left for trial. For these reasons, the motion court’s grant of summary judgment to the Daniel defendants should be reversed and the motion denied.