■ DIANA PARRIS, Appellant, v FRANCISCO A. GONZALEZ-MARTINEZ, Respondent. [14 NYS3d 1]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 25, 2014, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff seeks damages for injuries she allegedly sustained in a collision between a vehicle she was driving and a vehicle driven by defendant. Supreme Court correctly denied plaintiff's motion for partial summary judgment, as she failed to show the absence of material issues of fact as to her comparative negligence (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Defendant testified that he stopped at an intersection, looked to his right (the direction of oncoming traffic), and observed that plaintiff's vehicle was at a corner one block away. Defendant further testified that he began to move his vehicle because he believed that he had time to cross over the intersection, as plaintiff's vehicle was "at the other corner." He also testified that he blew his horn five seconds before the vehicles collided, and that the impact occurred between the front bumper of his vehicle and the front driver's side of plaintiff's vehicle. Accordingly, issues of fact exist as to which driver entered the intersection first, which driver had the right-of-way, and whether plaintiff could have exercised reasonable care to avoid the collision (see Raposo v Robinson, 106 AD3d 593, 593 [1st Dept 2013]). That defendant's approach in the intersection was regulated by a stop sign and no traffic control devices regulated plaintiff's approach is not a basis for awarding plaintiff summary judgment (id.; Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 297 [1st Dept 2008]). Moreover, even if plaintiff had the right-of-way, she was "still obliged to be vigilant for oncoming traffic" as she traveled down the street (see Calcano v Rodriguez, 91 AD3d 468, 472 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.