Gil v Jewish Bd. of Family & Children's Servs., Inc. (2020 NY Slip Op 02889)





Gil v Jewish Bd. of Family & Children's Servs., Inc.


2020 NY Slip Op 02889


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11527 25788/18E

[*1] Maria Gil, Plaintiff-Appellant,
v
Jewish Board of Family and Children's Services, Inc., et al., Defendants-Respondents.


Reid B. Wissner, New York, for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Gail L. Ritzert of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered December 2, 2019, which, inter alia, denied plaintiff's motion for partial summary judgment as to the liability of defendants Jewish Board of Family and Children's Services, Inc. (JBFCS) and Haley Claiborne, and to dismiss the affirmative defenses alleging plaintiff's comparative fault, unanimously affirmed, without costs.
Plaintiff was injured when, while walking in a mall parking lot, she was struck by a vehicle owned by JBFCS and driven by Claiborne in the course of her employment. The record presents triable issues of fact as to whether Claiborne exercised due care while operating the vehicle to avoid the accident. Claiborne testified that before backing the vehicle out of its parking spot, she looked to her right and left and then looked in the rear-view camera to assure that nobody was behind her (see Vehicle & Traffic Law § 1146[a]; Rodriguez v CMB Collision Inc., 112 AD3d 473 [1st Dept 2013]; Wein v Robinson, 92 AD3d 578 [1st Dept 2012]). Plaintiff does not address her failure to allege that Claiborne violated Vehicle & Traffic Law § 1211(a) until her reply, and plaintiff may not be awarded partial summary judgment based upon an unpleaded statutory violation.
Furthermore, plaintiff's deposition testimony demonstrates that there is a triable issue of fact as to whether she was comparatively negligent in the happening of the accident. She testified that immediately before being struck by defendants' vehicle, she turned her head to look behind her and stopped observing the surrounding traffic conditions (see Dunajski v Kirillov, 148 AD3d 991, 992-993 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK