Reyes v Benton (2025 NY Slip Op 05905)

Reyes v Benton

2025 NY Slip Op 05905

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 152207/22|Appeal No. 5019|Case No. 2024-06152|

[*1]Viannely Rosado Reyes, Plaintiff-Respondent,
v
Joseph Benton et al., Defendants-Appellants.

Black Marjieh & Sanford LLP, Elmsford (Gina Longobardi of counsel), for appellants.
Ginarte Gallardo Gonzalez Winograd, LLP, New York (Anthony F. DeStefano of counsel), for respondent.

Order, Supreme Court, New York County (James Clynes, J.), entered on or about September 26, 2024, which granted plaintiff's motion for partial summary judgment as to liability, unanimously affirmed, without costs.
Plaintiff was entitled to summary judgment on the issue of liability because she testified, without contradiction, that defendants' school bus, which was making a right turn, struck her while she was crossing the street in the crosswalk with the light in her favor, and after looking for oncoming traffic (see Cartegena v Girandola, 104 AD3d 599, 599-60 [1st Dept 2013]; Torres v Werner Bus Lines, Inc., 157 AD3d 624 [1st Dept 2018]).
In opposition, defendants failed to raise a triable issue of fact. Unlike Villaverde v Santiago-Aponte (84 AD3d 506, 506 [1st Dept 2011]) and other cases cited by defendants where the driver similarly testified to not observing any pedestrians in the crosswalk when beginning to turn, defendant driver in this case did not dispute that the accident occurred in the crosswalk. Defendant driver testified that both plaintiff and the bus were in the crosswalk at the moment of impact, and that the point of collision was at the front of the bus. Defendants' claim that plaintiff suddenly entered from the curb on defendant driver's left-side, thus colliding with the bus with her right shoulder, is inconsistent with plaintiff's uncontroverted testimony and documents showing that she sustained injuries to the left side of her head and her left shoulder.
Defendants also challenge the existence of a pedestrian signal based on defendant driver's testimony that there was no pedestrian signal at the crosswalk and that he never saw one. This testimony is inconsistent with the driver's acknowledgment that he received a citation for not yielding to a pedestrian, for which he went to court and paid a fine. Furthermore, defendants' contention that the pedestrian signal was not in plaintiff's favor is speculative because defendant driver testified that he did not see it (see Maimone v Hughie, 195 AD3d 471 [1st Dept 2021]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025